**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TERESA HARRISON,** ) | |
| ) | **Case No.:** |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JOSEPH, MANN & CREED,** ) | **COMPLAINT AND DEMAND** |
| ) | **FOR JURY TRIAL** |
| Defendant. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| ) | |

## COMPLAINT

TERESA HARRISON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against JOSEPH, MANN & CREED ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Mattapan, Massachusetts 02126.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a national debt collection company with its corporate headquarters located at 8948 Canyon Falls Blvd, Suite 200, Twinsburg, Ohio 44087.

9. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Debt collection is the principal purpose of Defendant's business.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number.

15. Plaintiff has only used this phone as a cellular telephone.

16. Upon information and belief, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

17. Plaintiff has no business debts, and the debt that Defendant was attempting to collect could only have been a personal debt incurred primarily for personal, family, or household purposes.

18. By way of background, Defendant began to contact Plaintiff in or about September 2017 by calling her cellular telephone daily in its attempts to collect an alleged consumer debt.

19. Defendant has placed telephone calls to Plaintiff from the following phone number: (877) 249-7294. The undersigned has confirmed that this phone number belongs to the Defendant.

20. Defendant contacted Plaintiff on her cellular telephone using an automatic telephone dialing system and/or pre-recorded voice or message.

21. Plaintiff knew that Defendant's collection calls were automated as she would be routinely greeted by a noticeable pause or delay prior to connecting to a collector.

22. During the phone calls, Defendant insisted that Plaintiff confirm her personal identifying information, including her address and date of birth before informing her of the alleged debt being collected.

23. Citing her security concerns, Plaintiff refused to confirm this information and instead requested that Defendant stop calling her during the first few calls in or about September 2017.

24. Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

25. The telephone calls to Plaintiff's cellular telephone continued through in or around late December 2017 despite Defendant's knowledge that their collection calls were unwanted by Plaintiff.

26. Defendant's calls were not placed for "emergency purposes."

27. These repeated calls were annoying, frustrating and disturbing for Plaintiff.

28. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

29. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

31. Defendant violated §§1692d and d(5) when it placed repeated telephone calls to Plaintiff's cellular telephone on a repeated basis within the one year period preceding the filing of this Complaint knowing at all times that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

34. Defendant's calls to Plaintiff were not made for emergency purposes.

35. Defendant's calls to Plaintiff, on and after September 2017, were not made with Plaintiff's prior express consent.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, TERESA HARRISON, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TERESA HARRISON, demands a jury trial in this case.

Respectfully submitted,

Dated: December 19, 2018

By: */s/ Craig Thor Kimmel*
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com